IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Kelley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:22-237-BHH |
| v. ) | |
| ) | **ORDER** |
| Lexington County; Sheriff Bryan Koon; ) | |
| Detective Black; Solicitor Suzanne ) | |
| Mayes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Rodney Kelley's ("Plaintiff" or "Kelley") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On February 23, 2022, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's complaint without issuance and service of process. In her Report, the Magistrate Judge first determined that Plaintiff failed to plausibly allege claims for damages against Defendants Lexington County, Sheriff Koon, and Detective Black because he fails to allege any facts to show that these Defendants were the cause of any constitutional injury. Next, the Magistrate Judge found that Defendant Suzanne Mayes, the solicitor who prosecuted Defendant, was entitled to absolute immunity from Plaintiff's claim for damages against her, and the Magistrate Judge recommended that the case against Mayes be dismissed with prejudice. Lastly, as to Plaintiff's claim for injunctive relief, i.e., that Mayes be ordered to dismiss the charges, the Magistrate Judge found Plaintiff's claim moot

because the charge was already *nolle prosequied*.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Plaintiff filed one page of objections, but he objects only to the Magistrate Judge's recommendations as to Defendant Black. (ECF No. 13 at 1.) In other words, Plaintiff specifically agrees with the Magistrate Judge "that everyone else should be dismissed, with the exception to actual and punitive damages against detective Black." (*Id.*) As to his claims for actual and punitive damages against Black, Plaintiff asserts that Black was his arresting officer and that the "malicious prosecution, false arrest/false imprisonment occurred at the time of this violation." (*Id.*) Importantly, however, nowhere does Plaintiff include any additional factual allegations to plausibly show that Black was the cause of any constitutional injury, and after *de novo* review the Court finds Plaintiff's conclusory objections insufficient to alter the Magistrate Judge's analysis as to Plaintiff's

claims against Black.  In all, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and properly applied the applicable law, and the Court agrees with the Magistrate Judge's findings and recommendations as to all of Plaintiff's claims against all Defendants.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 11) is adopted and incorporated herein; Plaintiff's objections (ECF No. 13) are overruled; and this matter is dismissed without issuance and service of process.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 2, 2023
Charleston, South Carolina

---

[1] The Court notes that Plaintiff's claims against Defendant Mayes are being dismissed with prejudice.